KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Evan Gerald Miler

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Evan Gerald Miler**,**<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TD Bank USA, National Association; and DOES 1 through 100 inclusive**,**<br><br>　　　　　　　Defendants. | CASE NO.  3:20-cv-00340<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1.　Violation of the Telephone Consumer Protection Act |

　　　　COMES NOW Plaintiff Evan Gerald Miler ("Plaintiff" or "Miler"), an individual, based on information and belief, to allege as follows:

### INTRODUCTION

　　　　1.　This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

　　　　2.　Plaintiff brings this action against Defendant TD Bank USA, National Association (hereinafter "TD Bank") for its abusive and outrageous conduct in connection with debt collection activity.

　　　　3.　While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

　　　　4.　The TCPA was designed to prevent calls like the ones described herein, and to

protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Evan Gerald Miler is an individual residing in the state of Oregon and is a "debtor."

8. At all relevant times herein, Defendant TD Bank engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had opened an unsecured credit account with TD Bank in approximately March of 2019.

11. The credit account Plaintiff opened with Defendant TD Bank was extended primarily for personal, family or household purposes and is therefore a "debt."

12. Defendant TD Bank has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant TD Bank arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the account before he became financially unable to keep up with the monthly payments.

16. Defendant TD Bank began contacting Plaintiff in or about June of 2019 to inquire about the status of the account and to collect on the payments that were no longer being made.

17. Plaintiff retained counsel to assist in dealing with the TD Bank debt and to seek

some type of financial relief.

18. Counsel for Plaintiff sent a letter of revocation to TD Bank on or about June 20, 2019 (the "First Revocation").

19. Plaintiff believes his revocation and representation letter was received by TD Bank on June 28, 2019.

20. Plaintiff informed TD Bank, through his letter of revocation, that he was revoking his consent, if it was previously given, to be called on his telephone.

21. Plaintiff was frustrated that TD Bank continued to make unsolicited calls to his cellular telephone after contacting TD Bank to revoke his consent.

22. Plaintiff denies that he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

23. Counsel for Plaintiff sent a second letter of revocation to TD Bank on or about September 14, 2019 (the "Second Revocation").

24. Despite the First Revocation and the Second Revocation (hereinafter, collectively, the "Revocations"), Defendant TD Bank, or its agent(s), continued to contact Plaintiff between approximately June 20, 2019 through February 7, 2020; the type of contact was through phone calls to Plaintiff on his cellular telephone.

25. Despite notice being sent, Defendant continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

26. TD Bank ignored Plaintiff's letter of representation and continued to contact him for at least three (3) months following receipt of Plaintiff's First Revocation and continued to contact him for at least one (1) month following receipt of Plaintiff's Second Revocation.

27. Despite being aware of Plaintiff's First Revocation on June 20, 2019 and Plaintiff's Second Revocation on September 14, 2019, TD Bank continued to contact Plaintiff on his cellular telephone.

28. TD Bank's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on his cellular telephone.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

29. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

30. Since at least June of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the account Plaintiff held with Defendant.

31. Plaintiff informed Defendant that he had revoked consent to be contacted by TD Bank and was represented by counsel on at least one of the numerous telephone calls he received in 2019.

32. TD Bank continued to call Plaintiff frequently after Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

33. Defendant would contact Plaintiff frequently regarding payment on the account.

34. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

35. Defendant contacted Plaintiff on at least one hundred sixty-nine (169) separate occasions after Plaintiff informed Defendant that he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

36. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

37. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. §227(b)(1)(A).

38. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. §227(b)(1)(A)(iii).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) & (C) for each and every violation.

    **b.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Respectfully submitted,

|   |   |
|---|---|
|   | **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC** |
| Dated: March 3, 2020 | _/s/ Kyle Schumacher_<br>Kyle Schumacher<br>Attorneys for Plaintiff |

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

|   |   |
|---|---|
|   | **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC** |
| Dated: March 3, 2020 | _/s/ Kyle Schumacher_<br>Kyle Schumacher<br>Attorneys for Plaintiff |