KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Evan Gerald Miler

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Evan Gerald Miler,<br><br>    Plaintiff,<br><br> v.<br><br>TD Bank USA, National Association; Target Enterprise, Inc.; and DOES 1 through 100 inclusive,<br><br>    Defendants. | CASE NO. 3:20-cv-00340-BR<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Oregon Unlawful Debt Collection Practices Act |

COMES NOW Plaintiff Evan Gerald Miler ("Plaintiff" or "Miler"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and the Oregon Unlawful Debt Collection Practices Act Or. Rev. Stat. §646.639 (hereinafter "UDCPA"), which prohibits harassing or annoying calls to consumers.

2. Plaintiff brings this action against Defendants TD Bank USA, National Association (hereinafter "TD Bank") and Target Enterprise, Inc. (hereinafter "Target") (collectively, "Defendants") for their abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The UDCPA is Oregon states version of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA) and aims to protect consumers against unfair and harassing collection practices like the ones described herein. Unlike the FDCPA, the UDCPA applies to a creditor attempting to collect on its own debts.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff Evan Gerald Miler is an individual residing in the state of Oregon and is a "debtor."

9. At all relevant times herein, Defendants engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff; specifically, a "consumer debt."

10. At all relevant times, both Target and TD Bank acted as a "debt collector" and both Target and TD Bank acted as a "creditor."

11. Plaintiff had taken out his first unsecured loan (the "Loan") with TD Bank in approximately March of 2019, and purchased personal, family or household goods from Target.

12. The loan Plaintiff took from TD Bank was extended primarily for personal, family or household purposes and is therefore a "debt."

13. Defendants have been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

14. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

15. Plaintiff is informed and believes that due to the joint relationship on a single account, both TD Bank and Target regularly collect or attempt to collect debts on behalf of their own entity and on behalf of the other entity and is therefore a "debt collector."

16. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the account.

17. Plaintiff began making payments on the loan before he became financially unable to keep up with the monthly payments.

18. Defendants began contacting Plaintiff on or about June of 2019 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19. Plaintiff retained counsel to assist in dealing with the debt and to seek some type of financial relief.

20. Counsel for Plaintiff sent a letter of revocation addressed to TD Bank regarding the Loan on or about June 20, 2019 (the "First Revocation").

21. Plaintiff believes his revocation and representation letter was received by TD Bank on June 28, 2019.

22. Plaintiff informed TD Bank, through his letter of revocation, that he was revoking his consent, if it was previously given, to be called on his telephone.

23. Plaintiff was frustrated that Defendants continued to make unsolicited calls to his cellular telephone after contacting TD Bank to revoke his consent.

24. Plaintiff denies that he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

25. Counsel for Plaintiff sent a second letter of revocation to TD Bank on or about September 14, 2019 (the "Second Revocation").

26. Despite the First Revocation and the Second Revocation (hereinafter, collectively, the "Revocations"), Defendants continued to contact Plaintiff between approximately June 20, 2019 through February 7, 2020; the type of contact was through phone calls to Plaintiff on his cellular telephone.

27. Despite notice being sent, Defendants continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

28. Defendants ignored Plaintiff's letter of representation and continued to contact him for at least three (3) months following receipt of Plaintiff's letter First Revocation and

continued to contact him for at least (1) month following receipt of Plaintiff's Second Revocation.

29. Despite being aware of both of Plaintiff's Revocations, Defendants continued to contact Plaintiff on his cellular telephone.

30. Defendants' calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on his cellular telephone.

## FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendants and Does 1-100)

31. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 30.

32. Since at least June of 2019, Defendants started calling Plaintiff's cellular telephone requesting that payment be made on the account Plaintiff held with Defendants.

33. Plaintiff informed TD Bank directly, and Target by agency with TD Bank, that he had revoked consent to be contacted by Defendants and was represented by counsel on at least one of the numerous telephone calls he received in 2019.

34. Defendants continued to call Plaintiff frequently after Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

35. Defendants would contact Plaintiff frequently regarding payment on the account.

36. Defendants placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

37. Collectively, Defendants contacted Plaintiff on at least one hundred sixty-nine (169) separate occasions after Plaintiff informed Defendants that he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

38. All calls placed by Defendants to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

39. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. §227(b)(1)(A).

40. These telephone calls by Defendants, or its agent(s), violated 47 U.S.C. §227(b)(1)(A)(iii).

///

**SECOND CAUSE OF ACTION**
(Unlawful Collection Practices)
(ORS § 646.639)
(Against Defendants and Does 1-100)

41. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 40.

42. Plaintiff, as "a natural person who purchases or acquires property, services or credit for personal, family or household purposes", is a "Consumer". OR. REV. STAT. § 646.639(1)(b).

43. Plaintiff is a "Debtor" because Plaintiff is "a consumer who owes or allegedly owes a debt". OR. REV. STAT. § 646.639(1)(i).

44. Plaintiff's transaction with Defendants in March 2019 constitute a "Consumer transaction" as Plaintiff is a Consumer and Defendants were providing "property, services or credit to consumers." OR. REV. STAT. § 646.639(1)(c).

45. TD Bank is a "Creditor" as TD Bank, in the ordinary course of business, "engages in consumer transactions", by extending credit, "that result in a consumer owing a debt" to the Defendants. OR. REV. STAT. § 646.639(1)(e).

46. Target is a "Creditor" as Target, in the ordinary course of business, "engages in consumer transactions", by selling property, "that result in a consumer owing a debt" to the Defendants. OR. REV. STAT. § 646.639(1)(e).

47. Both TD Bank and Target are a "Debt collector" as both TD Bank and Target attempted to "collect a debt owed, or alleged to be owed, to a creditor or a debt buyer." OR. REV. STAT. § 646.639(1)(h).

48. TD Bank cannot assert a defense under OR. REV. STAT. § 646.643 as to the applicability of OR. REV. STAT. § 646.639 since TD Bank is not subject to the requirements of the Fair Debt Collection Practices Act as it is the original creditor of the debt in question. See 15 U.S.C. 1692a(6)(F). Alternatively, if TD Bank is deemed subject to 15 U.S.C. 1692 et seq., TD Bank is not in compliance with the same as the allegations cited above are in violation of both 15 U.S.C. 1692c(c) and 1692d(5).

49. Collectively, Defendants contacted Plaintiff on at least one hundred sixty-nine (169) separate occasions; frequently calling Plaintiff multiple times within the same hour time span.

50. Each of the above cited calls were an attempt to collect a debt.

51.     Defendants' frequent calls to Plaintiff constitutes communication with a debtor "repeatedly or continuously" and "with the intent to harass or annoy the debtor" in direct violation of OR. REV. STAT. § 646.639(2)(e).

52.     Defendants' repeated calls to Plaintiff which were made after receipt of both Letters of Revocation show Defendants' actions were willful.

53.     Defendants' willful collection attempts were made in violation of OR. REV. STAT. § 646.639(e), Plaintiff seeks to recover all of his attorneys' fees in connection with the preparation and trial of this cause under the authority of OR. REV. STAT. § 646.641(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a.  An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) & (C) for each and every violation.

b.  An award of statutory damages of $200.00, pursuant to OR. REV. STAT. § 646.641(1) for each and every violation.

c.  Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

d.  Pursuant to OR. REV. STAT. § 646.641(1) both actual damages and punitive damages in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: June 16, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

                          **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: June 16, 2020                      */s/ Kyle Schumacher*
                                                       Kyle Schumacher
                                                       Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on the date below I caused a copy of this document to be delivered to the following via the Court's electronic filing system:

**Defendant TD Bank USA, National Association**

c/o Nicholas Dazer PC

Nicholas L. Dazer: nick@dazerlaw.com, secretary@dazerlaw.com

c/o Barnes & Thornburg LLP

Brian Melendez: brian.melendez@btlaw.com, bmelendez@btlaw.com, pwalton@btlaw.com

**Defendant Target Enterprise, Inc.**

Service of this document on the newly added Defendant Target Enterprise, Inc., will be accomplished pursuant to Fed. R. Civ. P. 4.