Nicholas L. Dazer, Bar No. 002403
nick@dazerlaw.com
Nicholas Dazer PC
Suite 475
121 SW Morrison Street
Portland, OR 97204
Ph. 503.953.1043

Brian Melendez, Minn. License No.
    0223633 (admitted pro hac vice)
brian.melendez@btlaw.com
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734

Attorneys for Defendant
    TD Bank USA, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

-------------------------------------------------------------------------------------------------------------

| | |
|---|---|
| EVAN GERALD MILER, | No. 3:20-cv-00340-BR |
| Plaintiff, | |
| v. | **DEFENDANT TARGET ENTERPRISE, INC., MOTION FOR DISMISSAL** |
| TD BANK USA, NATIONAL ASSOCIATION; TARGET ENTERPRISE, INC.; and DOES 1 THROUGH 100 inclusive, | |
| Defendants. | |

**Certification Under LR 7-1(a)**

In compliance with Local Rule 7-1(a)(1), the Parties made a good-faith effort through a telephone conference to resolve the dispute and have been unable to do so.

**Motion**

Defendant Target Enterprise, Inc., moves this Court under Federal Rule of Civil Procedure 12(b)(6) for dismissal as to Plaintiff Evan Gerald Miler's second count, under the Oregon unlawful-collection-practices statute, for failure to state a claim upon which relief can be granted.[1]

This motion is made with respect to the Plaintiff's First Amended Complaint for Damages (June 19, 2020) [ECF Doc. 17].

---

[1]Mr. Miler's first claim is made under the Telephone Consumer Protection Act. This motion does not address that claim.

## Table of Contents

Issue .................................................................................................................4

Facts ................................................................................................................4

Legal Standard ................................................................................................5

Argument .........................................................................................................5

I.      The amended complaint alleges no conduct from which a factfinder could
        plausibly infer an intent to harass or annoy. .............................................5

II.     Mr. Miler's attorney's correspondence to TD cannot be imputed to Target, and
        calling a debtor who will not pay does not violate Oregon law.............................8

        A.      Notice to TD cannot be imputed to Target ...................................9

        B.      Calling a debtor who will not pay does not violate Oregon law...............10

III.    Call volume alone cannot constitute harassment. ..................................13

Conclusion .....................................................................................................16

## Issue

Oregon Revised Statutes § 646.639(2)(e) prohibits a debt collector from "[c]ommunicat[ing] with a debtor or any member of the debtor's family repeatedly or continuously . . . and with intent to harass or annoy . . ." The amended complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy. Does the amended complaint state a claim under section 646.639(2)(e) upon which relief can be granted?

## Facts

On a motion for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court "must assume the truth of the material facts as alleged in the complaint." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)). But the court need not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," even when pleaded as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993), and a court "need not resolve unclear questions of law in favor of the plaintiff," *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Bane v. Ferguson*, 890 F.2d 11, 13 (7th Cir. 1989)).

## Legal Standard

To survive a motion for dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Twombly*, 550 U.S. at 555–56. A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," then dismissal is mandatory. *Twombly*, 550 U.S. at 570.

## Argument

Mr. Miler's amended complaint asserts two claims: a federal-law claim under the Telephone Consumer Protection Act, (Am. Compl. [ECF Doc. 17], ¶¶ 31–40 at 4), and a state statutory claim under the Oregon unlawful-collection-practices statute, (*id.*, ¶¶ 41–53 at 5–6). This motion concerns the second claim only; it does not concern the claim under the Telephone Consumer Protection Act.

## I.    The amended complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy.

Oregon's unlawful-debt-collection-practices statute, Oregon Revised Statutes § 646.639(2)(e),[2] prohibits a debt collector from "[c]ommunicat[ing] with a debtor or any

---

[2]The statute does not have an official short title, but its catchline is "[u]nlawful collection practices," and courts have referred to section 646.639 as the Oregon Unlawful

member of the debtor's family repeatedly or continuously . . . with intent to harass or annoy the debtor or any member of the debtor's family." Or. Rev. Stat. § 646.639(2)(e). That prohibition is the statute's only provision whose violation Mr. Miler alleges. (*See* Am. Compl. [ECF Doc. 17], ¶ 51 at 6; *id.*, ¶ 53.) But his amended complaint fails to state a claim as to that prohibition because the amended complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy, and because call volume alone cannot constitute harassment.

Section 646.639(2)(e) is substantially similar to the corresponding federal statute, 15 U.S.C. § 1692d(5), which likewise prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Where the Oregon debt-collection statute is practically the same as its federal counterpart, a court applying the Oregon statute may look to cases applying the federal statute for guidance: "Oregon courts may examine federal precedent for contextual support when they construe state statutes that parallel federal law." *Portland State Univ. Chapter of Am. Ass'n of Univ. Professors v. Portland State Univ.*, 91 P.3d 658, 666 (Or. 2012); *accord Kinzua Res., LLC v. Or. Dep't of Envtl. Quality*, 434 P.3d 461, 466 (Or. Ct. App. 2018); *see also McKean-Coffman v. Employment Div.*, 824 P.2d 410, 414 (Or. 1992); *Karsun v. Kelley*, 482 P.2d 533, 536 (Or. 1971). The Oregon debt-collection statute is substantially similar to the corresponding federal statute, since it "mirrors another section of federal

---

Debt Collection Practices Act. *See, e.g.*, *Thomas v. United States Bank, N.A.*, 325 F. App'x 592, 592 (9th Cir. 2009); *Pope v. Man-Data, Inc.*, 209 F.3d 1161, 162 (9th Cir. 2000).

consumer-protection statutory scheme, the Fair Debt Collection Practices Act, which prohibits much of the same conduct under federal law." *Lyon v. Chase Bank U.S., N.A.*, 656 F.3d 877, 881 n. 1 (9th Cir. 2011).

The amended complaint alleges only in a conclusory fashion that "Defendants' frequent calls to Plaintiff constitutes [sic] communication with a debtor 'repeatedly or continuously' and 'with the intent to harass or annoy the debtor' in direct violation of OR. REV. STAT. § 646.639(2)(e)." (Am. Compl. [ECF Doc. 17], ¶ 50 at 5.) The amended complaint alleges no factual basis for an "intent to harass or annoy," other than the fact that the Defendants were calling Mr. Miler. But it is well established that a creditor is entitled to contact a delinquent debtor in an attempt to collect the delinquent balance: "[a] creditor has a right to take reasonable action to pursue her debtor and persuade payment," *Charvat v. NMP, LLC*, 656 F.3d 440, 453 (6th Cir. 2011); *see Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 725 (S.D. Tex. 2011) (citing *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1012 (N.D. Cal. 2006), *rev'd on other grounds*, 584 F.3d 1147 (9th Cir. 2009), for the proposition that the debt-collection statutes are not intended "to completely bar any debt collection calls"); *Saltzman v. I.C. Sys., Inc.*, No. 09-10096, 2009 U.S. Dist. LEXIS 90681, at *22 (E.D. Mich. Sept. 20, 2009) ("the FDCPA does not prohibit . . . legitimate attempts to contact a debtor"), and "[p]laintiffs cannot expect a court to tolerate evasion of lawful debts," *Walker v. Westlake Fin. Servs., LLC*, No. 19-cv-6921, 2020 U.S. Dist. LEXIS 105794, at *8 (N.D. Ill. June 17, 2020) (citing *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996)). Oregon enacted its debt-collection law "to prohibit debt collectors from using specific abusive practices," *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011) (citing Or.

Rev. Stat. § 646.639(2)), not to prohibit debt-collection communication altogether, *see Porter v. Hill*, 838 P.2d 45, 48–49 (Or. 1992) ("The statute proceeds from the assumption that a debt does (or might) exist and prohibits the debt collector from using unfair practices to collect it. Nothing in the statute evidences a legislative concern . . . distinct from the use of abusive methods to pressure debtors to pay their debts.").

II.     **Mr. Miler's attorney's correspondence to TD cannot be imputed to Target, and calling a debtor who will not pay does not violate Oregon law.**

The amended complaint alleges that Mr. Miler's attorney wrote to his credit-card issuer, Defendant TD Bank USA, N.A., "revoking his consent . . . to be called on his telephone":

> 20.    Counsel for Plaintiff sent a letter of revocation addressed to TD Bank regarding the Loan on or about June 20, 2019 (the "First Revocation").
> 21.    Plaintiff believes his revocation and representation letter was received by TD Bank on June 28, 2019.
> 22.    Plaintiff informed TD Bank, through his letter of revocation, that he was revoking his consent, if it was previously given, to be called on his telephone.
> 23.    Plaintiff was frustrated that Defendants continued to make unsolicited calls to his cellular telephone after contacting TD Bank to revoke his consent.
> . . . .
> 25.    Counsel for Plaintiff sent a second letter of revocation to TD Bank on or about September 14, 2019 (the "Second Revocation").

(Am. Compl. [ECF Doc. 17], ¶¶ 20–25 at 3.) But having alleged that Mr. Miler's attorney sent letters to one Defendant — TD —the amended complaint leaps to the conclusion that the letters also went to Target, and forms the basis for *Target's* alleged violation of section 646.639(2)(e):

Plaintiff was frustrated that *Defendants* continued to make unsolicited calls to his cellular telephone after contacting *TD Bank* to revoke his consent.

(*Id.*, ¶ 23 (emphasis added).)

Despite notice being sent, *Defendants* continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

(*Id.*, ¶ 27 (emphasis added).)

*Defendants* ignored Plaintiff's letter of representation and continued to contact him for at least three (3) months following receipt of Plaintiff's letter First Revocation and continued to contact him for at least (1) month following receipt of Plaintiff's Second Revocation.

(*Id.*, ¶ 28 at 3–4 (emphasis added).)

Despite being aware of both of Plaintiff's Revocations, *Defendants* continued to contact Plaintiff on his cellular telephone.

(*Id.*, ¶ 29 at 4 (emphasis added).)

Those allegations are deficient both because notice to TD cannot be imputed to Target, and because calling a debtor who will not pay does not violate Oregon law.

### A.    Notice to TD cannot be imputed to Target.

The amended complaint nowhere alleges that Target knew about Mr. Miler's attorney's correspondence to TD. The amended complaint simply assumes such knowledge, without any factual basis. But neither the law nor the facts permit such an unwarranted assumption.

Oregon follows the Restatement (Third) of Agency § 5.03, *Atkeson v. T & K Lands, LLC*, 309 P.3d 188, 193 (Or. Ct. Ap. 2013), under which "notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is

material to the agent's duties to the principal," Restatement (Third) of Agency § 5.03

(2006), but "[n]otice of facts that a principal knows or has reason to know is not imputed

downward to an agent," *id.* cmt. g (downward imputation).

TD has said in its answer that it did not notify Target about Mr. Miler's attorney's

letters, and explained why:

> 61.    Mr. Miler's letters allegedly revoking his prior express consent
>        were sent to TD's headquarters, not to the credit-card servicer to
>        whom they should have been directed and who was clearly and
>        conspicuously identified on the monthly account statements that
>        were sent to Mr. Miler. The letters also did not identify which
>        retailer's card Mr. Miler had an account for, but rather gave only a
>        partial account number.
>
> 62.    TD issues cards for multiple retailers, each of whose cards is
>        independently serviced. While a credit-card servicer might be able
>        to identify an account from the information in Mr. Miler's letter,
>        TD's headquarters could not, and could not identify which servicer
>        it could direct the letter to.

(TD's Answer [ECF Doc. 21], ¶¶ 61–62 at 18–19.) While TD's allegations are not

entitled to the same assumption of truth on this motion for dismissal as the allegations in

the amended complaint are entitled, TD's allegations nevertheless show that the rule

against imputing TD's knowledge to Target is not merely an idle academic issue. Without

a factual basis in his pleading for such knowledge, Mr. Miler cannot support a claim

against Target based on Mr. Miler's attorney's correspondence to TD. *See Wright v.*

*USAA Sav. Bank*, No. 2:19-cv-00591-WBS-CKD, 2020 U.S. Dist. LEXIS 90576, at *12–

15 (E.D. Cal. May 21, 2020).

## B.    **Calling a debtor who will not pay does not violate Oregon law.**

Second, even if Target could be charged with notice of Mr. Miler's attorney's

correspondence to TD, the debt-collection statutes do not entitle a debtor to force a debt

collector to stop contacting him, or to contact him only in a particular way, simply by asking. Mr. Miler's consent may be relevant to his claim under the Telephone Consumer Protection Act, *see* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting "any call (other than a call made for emergency purposes or made *with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . ." (emphasis added)), but not to his claim under the Oregon debt-collection statute.

The Oregon debt-collection statute does specify certain circumstances under which a debt collector must refrain from contacting a debtor — for example, "at times known to be inconvenient to the debtor or any member of the debtor's family," Or. Rev. Stat. § 646.639(2)(e), or "without a debtor's permission . . . at the debtor's place of employment," Or. Rev. Stat. § 646.639(2)(g) — but the amended complaint alleges no such circumstance. It is perfectly lawful for a debt collector to communicate directly with a debtor — even if the debtor can't or won't pay or doesn't want to be called. The debt collector cannot abuse that right, and must exercise it judiciously, without calling "repeatedly or continuously or at times known to be inconvenient to the debtor or any member of the debtor's family and with intent to harass or annoy the debtor or any member of the debtor's family," Or. Rev. Stat. § 646.639(2)(e). But as long as the debt collector is acting judiciously, there can be no liability simply for trying to reach the debtor.

The Fair Debt Collection Practices Act, the federal statute on which the Oregon statute is largely based, *see Lyon v. Chase Bank U.S., N.A.*, 656 F.3d 877, 881 n. 1 (9th Cir. 2011) (Oregon debt-collection statute "mirrors another section of federal consumer-

protection statutory scheme, the Fair Debt Collection Practices Act, which prohibits much of the same conduct under federal law"), mandates or prohibits conduct by debt collectors in 43 separate paragraphs, each containing one or more specific requirements or prohibitions. *See* 15 U.S.C. § 1692b–92g. The Oregon statute prohibits 21 specific practices, Or. Rev. Stat. § 646.639(2)(a)–(u) — most based on prohibitions from the federal statute, which requires or prohibits many acts that the Oregon analog does not cover. One provision that the federal statute covers, but which Oregon did not adopt, prohibits a creditor from communicating with a debtor who has asked that the creditor cease communication: "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," with certain exceptions. 15 U.S.C. § 1692c(c) (ceasing communication).

The Oregon Legislature did not adopt the "ceasing communication" provision, and the Oregon statute does not incorporate provisions from the federal statute that Oregon did not adopt. A court cannot read that federal provision into the Oregon statute where the Oregon Legislature did not enact it.

There is no requirement that a debt collector stop calling a debtor if the debtor can't or won't pay, or asks that the debt collector cease communication, so calling such a debtor is not a violation per se. When a debtor can't or won't pay, litigation is not the only option, and debt-collection statutes must be read in a way that allows creditors and their debt-collection agents "latitude" and does not foment unnecessary litigation:

> Unless some latitude is given the creditor to invade, to a reasonable extent, the debtor's right of privacy, without incurring liability, we may well end up with the result that the creditor will find it preferable to proceed immediately with legal action when a debt becomes in default, without any warning to the debtor, rather than run the risk of being answerable to a supersensitive debtor . . . .

*Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st Dist. Ct. App. 1977) (quoting *Household Fin. Corp. v. Bridge*, 250 A.2d 878, 885–86 (Md. 1969)). The "latitude" that the law allows to a creditor or a debt collector includes the latitude to collect a debt by any lawful means. A debt collector can lawfully call a nonpaying debtor "to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation." In such cases, "[p]roof of numerous calls does not make a jury issue on liability." *Story*, 343 So. 2d at 677.

As long as the creditor is not acting "with intent to harass or annoy the debtor or any member of the debtor's family," the Oregon statute does not prohibit a debt collector from calling a debtor about a delinquent debt even if the debtor prefers not to get such calls. An intent to collect is not an intent to harass, and a debt-collection call isn't illegal just because it is unwanted. The amended complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy.

III.    **Call volume alone cannot constitute harassment.**

Courts around the country have repeatedly held that call volume alone cannot constitute harassment without some other harassing conduct: "proof of numerous calls alone does not create a jury issue where the creditor calls only to inform or remind the debtor of the debt, to determine reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation." *Borneisen v. Capital One Fin. Corp.*, No.

8:09-CV-02539-T-17TGW, 2011 U.S. Dist. LEXIS 75712, at *34 (M.D. Fla. July 13,

2011), *aff'd on other grounds*, 490 F. App'x 206 (11th Cir. 2012); *accord Lewis v.*

*Portfolio Recovery Assocs., LLC*, No. 1:13-cv-00043, 2015 U.S. Dist. LEXIS 129591, at

*19 (M.D. Tenn. Sept. 25, 2015); *Lardner v. Diversified Consultants Inc.*, No. 1:13-cv-

22751-UU, 2014 U.S. Dist. LEXIS 64205, at *23–25 (S.D. Fla. May 1, 2014) ("Summary

judgment is routinely granted in favor of debt collectors where the party alleging a

violation of the FDCPA does not present evidence of harassing conduct other than a high

volume of calls."); *Lopez v. Prof'l Collection Consultants*, No. CV 11-3214 PSG (PLAx),

2013 U.S. Dist. LEXIS 36612, at *8 (C.D. Cal. Feb. 26, 2013) ("without providing

evidence that Defendant called Plaintiff immediately after hanging up, called at odd

hours, called at the debtor's place of employment, or called multiple times in a single

day, the number of phone calls alone does not create a triable issue of fact"); *Valle v.*

*Nat'l Recovery Agency*, No. 8:10-cv-2775-T-23MAP, 2012 U.S. Dist. LEXIS 69564, at

*4 (M.D. Fla. May 18, 2012); *Daniel v. W. Asset Mgmt., Inc.*, No. 11-11034, 2011 U.S.

Dist. LEXIS 124788, at *15 (E.D. Mich. Oct. 28, 2011) ("Plaintiff must offer evidence

beyond the mere number of calls to support her allegation that the telephone calls were

harassing, oppressive, or abusive."); *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223,

1230 (D. Kan. 2011); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1238

(E.D. Cal. 2010). Courts that have considered debt-collection claims based on call

volume alone have held that such claims are insufficient as a matter of law.

   The amended complaint alleges that "[c]ollectively, Defendants contacted

Plaintiff on at least one hundred sixty-nine (169) separate occasions," (Am. Compl. [ECF

Doc. 17], ¶ 49 at 5), over a seven-and-a-half month period "between approximately June

20, 2019 through February 7, 2020," (*id.*, ¶ 26 at 3) — an average of about 0.7 calls per day. The amended complaint alleges no instance where Target actually reached Mr. Miler.

One federal court deciding a claim under the Fair Debt Collection Practices Act held that, where the number of calls — including calling up to four times a day — was the "sole basis" for a claim of harassment, the claim failed as a matter of law. *Clingaman v. Certegy Payment Recovery Servs.*, No. H-10-2483, 2011 U.S. Dist. LEXIS 56368, at *11–12 (S.D. Tex. May 26, 2011) ("the most calls Certegy made in one day was four"). Other federal courts have held that the defendant was entitled to judgment—

- for calling up to seven times a day, *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301, 1303 (M.D. Fla. 2010);

- for calling 149 times in two months (averaging 2.4 calls per day), *Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223 (D. Kan. 2011); and

- for calling up to 60 times in a five-week period (averaging 1.7 calls per day), *Saltzman v. I.C. Sys., Inc.*, 2009 U.S. Dist. LEXIS 90681, 2009 WL 3190359, at *6 (E.D. Mich. Sept. 30, 2009).

Some courts have noted that a pattern of "repeated" calls without reaching the debtor "suggests an intent by [defendant] to establish contact with plaintiff, rather than an intent to harass," *Peak v. Prof'l Credit Serv.*, No. 6:14-cv-01856-AA, 2015 U.S. Dist. LEXIS 162149, at *21 (D. Or. Dec. 2, 2015); *accord Clingaman*, 2011 U.S. Dist. LEXIS 56368, at *12–13 (quoting *Saltzman*, 2009 U.S. Dist. LEXIS 90681, at *21 (quoting *Millsap v. CCB Credit Services, Inc.*, No. 07-11915, 2008 U.S. Dist. LEXIS 110149, at *24 (E.D.

Mich. Sept. 30, 2008))) — "a legitimate, albeit persistent, effort to reach [the debtor]," *Saltzman*, 2009 U.S. Dist. LEXIS 90681, at *22.

Call volume alone cannot constitute harassment. The amended complaint alleges no conduct from which a factfinder can plausibly infer an intent to harass or annoy. The amended complaint fails to state a claim under Oregon Revised Statutes § 646.639(2)(e) for calling "repeatedly or continuously . . . with intent to harass or annoy."

## Conclusion

Oregon Revised Statutes § 646.639(2)(e) prohibits a debt collector from "[c]ommunicat[ing] with a debtor or any member of the debtor's family repeatedly or continuously . . . and with intent to harass or annoy . . ." The amended complaint alleges no conduct from which a factfinder could plausibly infer an intent to harass or annoy.

Mr. Miler's attorney's correspondence to TD cannot be imputed to Target, and calling a debtor who will not pay does not violate Oregon law. An intent to collect is not an intent to harass, and a debt-collection call isn't illegal just because it is unwanted.

Call volume alone cannot constitute harassment. A pattern of "repeated" calls without reaching the debtor "suggests an intent by [defendant] to establish contact with plaintiff, rather than an intent to harass."

Therefore, Target respectfully asks that this Court dismiss Mr. Miler's second claim, under the Oregon unlawful-collection-practices statute, for failure to state a claim upon which relief can be granted.

August 17, 2020.

BARNES & THORNBURG LLP

s/ Brian Melendez

_____

Brian Melendez, Minn. License No.
   0223633 (admitted pro hac vice)
brian.melendez@btlaw.com
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798

in association with

NICHOLAS DAZER PC
Nicholas L. Dazer, Bar No. 002403
nick@dazerlaw.com
Nicholas Dazer PC
Suite 475
121 SW Morrison Street
Portland, OR 97204
Ph. 503.953.1043
Fax 503.953.1039

Attorneys for Defendant
   TD Bank, N.A.